## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

CHITTENDEN COUNTY, JANUARY TERM,
A. D. 1803.

*JONATHAN ROBINSON*, Chief Judge.
*ROYALL TYLER*, ⎱ *Assistant Judges.*
*STEPHEN JACOB*, ⎰

FELIX AUGER, in the right of ESTHER, his wife,
Appellant,
*against*
WILLIS TAYLOR and JOSEPH BRADLEY, Administrators on the Estate of CALEB TAYLOR,
Appellees.

If a person die intestate, unmarried, and without issue, leaving surviving brethren and sisters, his or her personal estate must be distributed by the administrators under a decree of the Probate, so that the brothers shall have equal portions, and the sisters equal portions, but that each male portion shall be *double* the amount of each female portion.

APPEAL from a decree of the Judge of Probate of *Chittenden* District, directing the division of personal estate.

*State of Vermont.*

*Chittenden District*, ss.   Be it remembered, that at a Probate Court, begun and holden at *Williston*, on the seventh day of *April*, in the year of our Lord 1801, and continued from day to day by adjournments until the 11th day of said *April*, by the honourable *Solomon Miller*, Esquire, Judge of said Court, the following sentence, order, or decree, was made, to wit:

*State of Vermont.*

*Chittenden District*, ss.   The honourable *Solomon Miller*, Judge of the Probate of Wills, &c. within and for said District,

To *Willis Taylor* and *Joseph Bradley*, administrators on the estate of *Caleb Taylor*, late of *Williston*, in said District, deceased, intestate.

Whereas it hath been made to appear to me, that the demands against said estate have been legally settled, and the real estate been disposed of, agreeably to an order or decree of this Court, and such debts and charges as the law directs having been subducted, there appears to be in your hands a residue and remainder of nine hundred and seventy-five dollars and twenty cents;

You are therefore hereby ordered and directed to pay and distribute the same to and among the heirs of said estate, giving to the male heirs double the sum you do to the female heirs, as follows, to wit: to *Eldad Taylor*, 121 dols. 90 cts. ; to *Willis Taylor*, *John Taylor*, *Ezra Taylor*, and *Gates Taylor*, the same sum each, they being brothers to the deceased ; and to the widow *Esther Taylor*, the sum of 60 dols 95 cts. she being mother to the deceased ; to *Rhoda*,

wife of *Daniel Shaw*, *Esther*, *wife of Felix Auger*, *Naomi*, wife of *Joseph Bradley*, *Keziah*, wife of *John Jones*, and *Betsey*, wife of *John Munson*, the same sum each, they being sisters to the deceased; and make due return as soon as may be. Dated in the Registry of Probate the 11th day of *April*, 1801.

Attest,                    *Isaac M'Niele*, Register.

From this decree, *Felix Auger*, in right of his wife *Esther*, appealed, and entered his appeal *January* term, A. D. 1802, and at the same term filed the following declaration:

| | |
|---|---|
| *Felix Augur*, in right of his wife *Esther*, Appellant,<br>v.<br>The Administrators of *Caleb Taylor*. | Supreme Court of Judicature, *Chittenden* County, A. D. 1802. |

The said *Felix Auger*, and *Esther* his wife, in the Court here, by *William C. Harrington*, their attorney, declare and say, that *Caleb Taylor*, late of *Williston*, in the County of *Chittenden*, deceased, intestate, was of full age and unmarried at the time of his decease; that the said *Caleb Taylor* died without issue, and had, at the time of his decease, a mother, five brethren, and five sisters, who have survived the said *Caleb Taylor*, and that the said *Caleb* died intestate, seised and possessed of real and personal estate, more than sufficient to answer all the demands against the said estate, to the amount of nine hundred seventy-five dollars and twenty cents, to be divided into equal shares, to and among the heirs of the said *Caleb Taylor*, according to the statute in such case made and provided; but by a decree of the

Judge of Probate of *Chittenden* District, made at a
Probate Court in his said District, on the 11th day
of *April*, A. D. 1801, the said personal estate of the
said *Caleb Taylor*, deceased, was by said decree or-
dered to be distributed by the said administrators to
and among the said heirs, in such manner as that the
portion of the said *Caleb Taylor's* brothers should
be double the portions of the said *Caleb Taylor's*
mother and sisters; whereas, by the statute in such
case made and provided, the said personal estate of
the said deceased hath descended, and ought to be
distributed in equal shares to the said collateral heirs
of the said *Caleb Taylor*, deceased, both *male and
female*. And the said *Felix Auger* and *Esther* his
wife, the said *Esther* being one of the sisters to the
said *Caleb Taylor*, deceased, having appealed from
said order or decree of the said Judge of Probate to
this Honourable Court, now pray the Court here to
order and direct, that an equal share of the said per-
sonal estate be set off by the administrators on the
said estate to the said *Felix Auger* and *Esther* his
wife, in the right of the said *Esther*, according to the
statute in such case made and provided.

By agreement of the parties, the cause was sub-
mitted to the Court without argument, and at this
term the Court rendered judgment.

*Opinion of the Court.*

*Curia.* It appears from the files, that *Caleb Tay-
lor* died of full age, unmarried, without issue, and
intestate, leaving his mother *Esther Taylor*, five bro-
thers, to wit, *Eldad, Willis, Ezra, John*, and *Horatio*

*Auger*
v.
*Taylor and Bradley.*

*Gates;* and five sisters, to wit, *Rhoda,* married to *John Shaw, Naomi* to *Joseph Bradley, Keziah* to *John Jones, Betsey* to *John Munson,* and *Esther* to the appellant. A residue of the personal estate remains to be divided, and the question is, what proportion each sister shall take. This must be decided by a sound construction of the act for the probate of wills and settlement of estates.

*Vermont* Stat.
vol. 1. p. 353.

The 31st section of this act enacts, " that when any person shall die possessed of any goods or personal estate, not bequeathed, the same shall be distributed in the manner real estates descend by this act."

This leads to the descent of real estates, as is provided for by the 27th section of the same act.

" That when any person shall die seised of any lands, tenements, or hereditaments, within this State, not by him devised, the same shall descend to his children, or their legal representatives if any of the children be dead, in such manner that the portions of all the male children shall be equal, and the portions of all the female children shall be equal, and the portion of a male child shall be double the portion of a female child ; and if any child shall have been advanced by way of settlement, or otherwise, by the intestate in his life-time, such advancement shall be reckoned to the share of such child, either in whole or in part, according to the value thereof at the time of such advancement. And if the intestate shall have no child or children at the time of his decease, such estate shall descend equally to the next of kin, in equal degree, and those who represent them."

Upon the last clause of this section, it appears, the appellant founds his claim in the right of his wife, to

a portion of the personal estate of the intestate, equal in amount to the portion of either of his wife's brothers.

The Court consider that the probate decree has pursued the true intent of the statute. The misapprehension of its meaning seems to have arisen from an erroneous application of the word *equally*. When the statute declares that " such estate shall descend *equally* to the next of kin," the word is not used in its *verbal* sense, as it is in the former part of the section, where it is said that " the portions of all the male children shall be equal," where it intends that they shall be on a level, or to the same amount; but the term equally, as an adverb, is used in one of its adverbial senses, and intends, in like manner, or in the same manner as has been before provided.

This construction is put beyond doubt by a recurrence to the third proviso under this section : " that if any child of an intestate die before he or she shall arrive at full age and unmarried, such deceased child's portion or share shall descend to the surviving brothers and sisters, and such as legally represent them, in proportion as is above directed in this act : but if such child die after having arrived at full age, unmarried and intestate, in the life-time of the mother, she shall inherit *equally with every sister.*"

In this proviso there is a reference to the 27th section for the proportion which shall be distributed to the surviving brothers and sisters; and further, in case the child of the intestate, after arriving at full age, died unmarried, and also intestate, the mother shall inherit equally *with every sister:* not with all the brothers and sisters ; not *equally* with the next of kin,

but with every sister. Whence this distinction, if the brothers and sisters were to have equal portions?

The Court consider, in cases like this now submitted, that if a person die intestate, unmarried, and without issue, and leave surviving brethren and sisters, his or her personal estate must be distributed by the administrator or administrators, under a decree of the probate, so that the brothers shall have equal portions and the sisters equal portions, but that each male portion shall be double the amount of each female portion.

It does not appear from the record, whether the personal estate in contest was acquired by *Caleb* the intestate after he became of age, or was part of his paternal portion, as the Judge of Probate in his decree has given an equal proportion of it to the mother with the sisters. The presumption is that the latter is the case; and being so, the decree is correct in ordering the mother an equal portion with the sisters. But as this is a point not submitted, the Court will not enlarge.

The decree of the Judge of Probate is affirmed.

*William C. Harrington,* for the appellant.